UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CALLIE ROBINSON LEE
       Plaintiff,

Case No. 1:21-cv-427

Black, J.
Bowman, M.J.

v.

OMNICARE/CVS HEALTH/CVS, et al.,
       Defendants.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motion to dismiss Plaintiff's complaint and to compel arbitration of her claims (Doc. 6) and the parties' responsive memoranda. (Docs. 8, 10). For the reasons explained below, Defendants' motion is well-taken and should be granted.

**I. Background**

On June 23, 2021, Plaintiff, who is proceeding *pro se,* initiated this lawsuit *in forma pauperis* against Defendants Omnicare, Inc. (incorrectly identified as "Omnicare"),[1] CVS Health Corporation (incorrectly identified as "CVS Health"), CVS Pharmacy, Inc. (incorrectly identified as "CVS"), Mark Williams, Amy Semple and Kim Agresti. Plaintiff was employed by CVS Pharmacy, Inc. prior to her termination in July 2019; CVS Pharmacy, Inc. is wholly owned by CVS Health Corporation as is Omnicare, Inc. (Doc. 3).

---

[1] Names in parentheses were used in the Complaint, the corrected names were provided by Defendants' filings.

On September 20, 202, in lieu of an answer, Defendants filed a motion to compel arbitration and to dismiss Plaintiff's complaint.  Plaintiff filed a response to Defendants' motion on October 18, 2021, and Defendants filed a memorandum in support of its motion on November 1, 2021.

**II. Defendants' Motion to Compel Arbitration/Dismiss**

Defendants contend that this case should be dismissed because Plaintiff is contractually bound by an employment contract that requires her to arbitrate the present dispute before the American Arbitration Association ("AAA") in accordance with the Employment Arbitration Rules and Mediation Procedures of that organization.  Plaintiff argues that the Agreement is unconscionable and was made under duress.

1.  *Applicable Law.*

The Federal Arbitration Act reflects a strong federal policy in favor of arbitration, and explicitly provides that:

> A written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.  Despite the strong federal policy reflected in the statute, this Court retains jurisdiction to determine the validity of the contractual arbitration clause that Defendant invokes in this case.  *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404-05 (1967) (holding that courts have jurisdiction under the FAA to determine the contractual enforceability of an arbitration clause).

Guided by the FAA, the United States Supreme Court has repeatedly held that arbitration agreements are to be read liberally to effectuate their purpose. *Moses H. Cone*

2

*Mem'l Hosp.*, 460 U.S. at 24-25; *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Indeed, the FAA requires courts to "rigorously enforce" arbitration agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985). A court may not deny arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (citation omitted). The Sixth Circuit has "stated even more forcefully that any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Nestle Waters N. Am., Inc. v. Bollman,* 505 F.3d 498, 504 (6th Cir. 2007) (internal quotations omitted) (*citing Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)). Additionally, "[b]oth the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 66 (2009) (citations omitted).

The Sixth Circuit has provided four threshold determinations for courts to consider when addressing a motion to compel arbitration under the FAA: (1) "whether the parties agreed to arbitrate;" (2) "the scope of that agreement;" (3) "whether Congress intended the claims to be nonarbitrable;" and (4) if some, but not all, of the claims are subject to arbitration, "whether to stay the remainder of the proceedings pending arbitration." *Glazer v. Lehman Bros.,* Inc., 394 F.3d 444, 451 (6th Cir. 2005). In making these determinations, "any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citation omitted).

2.  Arbitration Agreement is Valid and Enforceable

Here, CVS Health Corporation provides potential hires with an Arbitration Agreement to review. (Doc. 6, *Declaration of Jessica Austin*, Doc. 6 Ex. 1, Ex. A). According to the Agreement, disputes between the potential hire and the company, as well as any of its employees or agents would "be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided in" the Agreement. The Agreement purports to cover "any and all claims, disputes or controversies… arising out of or related to [the employee's] employment with CVS or the termination of [employee's] employment, including disputes arising out of or relating to the validity, enforceability, or breach of this" Agreement. It also provided that, even if one did sign it, that person could opt out by sending notice to a specific address within thirty days of signing the Agreement. *Id.*

Defendant contends, and Plaintiff does not deny, that Plaintiff signed the Agreement in February 2019 while applying for the job online, and never opted out. (Doc. 6).  While on the job, Plaintiff claims to have discovered an error in the company's online system, which she brought to the attention of her supervisors. (Doc. 3).  Rather than thanking her for discovering and correcting the error, Plaintiff claims Defendants retaliated against her in various ways, ultimately firing her after she asked for a disability accommodation to work from home. *Id.*

Defendants contend that all the issues raised in Plaintiff's complaint, including the threshold issues of arbitrability, should be dismissed by this Court and decided by the arbitrator. (Doc. 6, Doc. 10).  In response, Plaintiff claims that the Agreement was procedurally and substantively unconscionable, and should thus be set aside (Doc. 8).

4

As noted by Defendants, the Arbitration Agreement expressly informed Plaintiff that, except as otherwise noted, "any and all claims, disputes or controversies" between her and CVS or one of its employees or agents including, inter alia, "disputes regarding . . . harassment, discrimination, retaliation and termination arising under the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act . . . and other federal, state and local statutes, regulations and other legal authorities relating to employment" are subject to arbitration. (Parks Decl. ¶6 & Ex. A at ¶¶ 1 & 2). The claims set forth in Plaintiff's Complaint relate to retaliation and discrimination against CVS and its employees and are directly related to Plaintiff's employment with CVS. Thus, Plaintiff's claims fall squarely within the claims covered by of the Arbitration Agreement, and are, therefore, subject to arbitration.

Additionally, Plaintiff's claim of unconscionability lacks merit. Notably, Defendants contend that this assertion need not be decided by this Court because the parties have agreed that these issues are delegated to an arbitrator. In this regard, the Arbitration Agreement clearly and unmistakably provides that "disputes arising out of or relating to the validity, enforceability, or breach of this [Agreement]" shall be decided by an arbitrator, not a court. (Doc. 6, Austin Decl. ¶6 & Ex. A thereto at ¶¶1 & 2). Namely, while Plaintiff argues that the agreement to arbitrate is unenforceable and unconscionable, she does not challenge the validity of the delegation clause. The delegation clause is viewed as a separate, antecedent arbitration agreement. *See Rent-A-Ctr., W., Inc., v. Jackson*, 561 U.S. 63, 68-70 (2010).

As such, this case should be sent to an arbitrator to decide all of these issues. See id. at 72 (absent a challenge to the delegation provision, it must be treated as valid and

5

enforceable under the FAA, thereby "leaving any challenge to the validity of the [arbitration agreement] as a whole for the arbitrator"); *Bruster v. Uber Techs. Inc.*, 188 F. Supp. 3d 658, 664-65 (N.D. Ohio 2016) (Gwin, J.) (Plaintiff's arguments that arbitration agreement was unenforceable and unconscionable were delegated to the arbitrator under a valid delegation provision).

In the alternative, to the extent that Plaintiff's claim of unconscionability is properly before the Court, the undersigned finds that the Arbitration Agreement is neither unenforceable nor unconscionable. As noted by Defendants, the record indicates that newly hired colleagues like Plaintiff are provided with the Arbitration Agreement to review and sign as part of the on-line StarSource application. (Doc. 6, Austin Decl. at ¶4). While colleagues are provided with the two-page, stand-alone Arbitration Agreement during the hiring process to review and sign, arbitration is not a mandatory condition of employment and colleagues have the opportunity to opt out of arbitration. (Doc. 6, Austin Decl. at ¶8). Plaintiff executed the Arbitration Agreement on February 12, 2019, and did not thereafter opt out of arbitration as was her right. (Doc. 6, Austin Decl. at ¶¶6, 10; Ex. A). There is no dispute that Plaintiff had notice of, and manifested assent to, the terms and conditions of the Arbitration Agreement. *See Bruster v. Uber Techs. Inc.*, 188 F. Supp. 3d 658, 664-65 (N.D. Ohio 2016); *see also Joseph v. M.B.N.A. Am. Bank, N.A.,* 148 Ohio App. 3d 660, 775 N.E.2d 550, 553 (2002) (arbitration provision was not unconscionable because the plaintiff was given the right to terminate the agreement by opting out). *see also Joseph v. M.B.N.A. Am. Bank, N.A.*, 148 Ohio App. 3d 660, 775 N.E.2d 550, 553 (2002) (arbitration provision was not unconscionable because the plaintiff was given the right to terminate the agreement by opting out).

### III. Conclusion

Accordingly, for the reasons discussed herein, **IT IS RECOMMENDED THAT** Defendant's motion to compel arbitration and to dismiss this case (Doc. 6) be **GRANTED** and this matter be **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CALLIE ROBINSON LEE<br>　　　　Plaintiff, | Case No. 1:21-cv-427<br><br>Black, J.<br>Bowman, M.J. |
| v. | |
| OMNICARE/CVS HEALTH/CVS, et al.,<br>　　　　Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).